# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

MOISES ABONZA-TORRES,

    Petitioner,

v.                                                Case No. 8:16-cv-2190-T-02AEP

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.[1]
_____/

## ORDER

Moises Abonza-Torres, a Florida prisoner, timely filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 (Dkt. 1) challenging his Hillsborough County convictions. The Court ordered Respondent Secretary, Department of Corrections, to show cause why the relief sought in the petition should not be granted. (Dkt. 4). Respondent filed a response, along with the state court record. (Dkts. 5, 7). The Court then granted Mr. Abonza-Torres's motion to supplement his petition with an additional claim (Dkts. 10, 11), and Respondent filed a supplemental response. (Dkt. 12). Mr. Abonza-Torres filed a reply. (Dkt. 16). After review, the petition will be denied.

## Background

Mr. Abonza-Torres entered an open plea of no contest to two counts of robbery with a firearm, two counts of armed burglary of a dwelling, and two counts of armed false imprisonment.

---

[1] The Florida Attorney General is named as a respondent in this action. Within the response, counsel for Respondent Secretary, Department of Corrections, moves to dismiss the Florida Attorney General from this action. *See* Rule 2(a), *Rules Governing § 2254 Cases in the United States District Courts* ("If the petitioner is currently in custody under a state-court judgment, the petition must name as respondent the state officer who has custody."); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 435 (2004) (stating that when a petitioner is incarcerated and challenges his present physical confinement, "the proper respondent is the warden of the facility where the prisoner is being held, not the Attorney General or some other remote supervisory official.") (citations omitted). Accordingly, the motion contained within the response will be granted, and the Florida Attorney General will be dismissed as a respondent from this action.

(Dkt. 7, Ex. 1, pp. 68, 116). He was sentenced to an overall term of 40 years in prison, followed by 10 years on probation. (*Id.*, pp. 85-90, 127-31). The state appellate court *per curiam* affirmed the convictions and sentences. (Dkt. 7, Ex. 6). Mr. Abonza-Torres filed a motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Dkt. 7, Ex. 8, pp. 116-24). The state court summarily denied the motion in part, and denied the remaining claims after an evidentiary hearing. (Dkt. 7, Ex. 8, pp. 162-70; Ex. 10, pp. 484-98). The state appellate court *per curiam* affirmed the denial of relief. (Dkt. 7, Ex. 14).

**Standards of Review**

I.  *AEDPA*

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Habeas relief can only be granted if a petitioner is in custody "in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Section 2254(d) provides that federal habeas relief cannot be granted on a claim adjudicated on the merits in state court unless the state court's adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

A decision is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 413 (2000). A decision is an "unreasonable application" of clearly

2

established federal law "if the state court identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Id.*

AEDPA was meant "to prevent federal habeas 'retrials' and to ensure that state-court convictions are given effect to the extent possible under law." *Bell v. Cone*, 535 U.S. 685, 693 (2002). Accordingly, "[t]he focus . . . is on whether the state court's application of clearly established federal law is objectively unreasonable, and . . . an unreasonable application is different from an incorrect one." *Id.* at 694. *See also Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

The state appellate court affirmed the denial of postconviction relief without discussion. This decision warrants deference under § 2254(d)(1) because "the summary nature of a state court's decision does not lessen the deference that it is due." *Wright v. Moore*, 278 F.3d 1245, 1254 (11th Cir. 2002). When a state appellate court issues a silent affirmance, "the federal court should 'look through' the unexplained decision to the last related state-court decision that does provide a relevant rationale" and "presume that the unexplained decision adopted the same reasoning." *Wilson v. Sellers*, 138 S.Ct. 1188, 1192 (2018).

II.   *Ineffective Assistance of Counsel*

Claims of ineffective assistance of counsel are analyzed under the test established in *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* requires a showing of deficient

3

performance by counsel and resulting prejudice. *Id.* at 687. To show deficient performance, a petitioner must demonstrate that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687-88. A court must consider whether, "in light of all the circumstances, the identified acts or omissions [of counsel] were outside the wide range of professionally competent assistance." *Id.* at 690. However, "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Id.* Furthermore, "counsel owes a lesser duty to a client who pleads guilty than to one who decides to go to trial, and in the former case counsel need only provide his client with an understanding of the law in relation to the facts, so that the accused may make an informed and conscious choice between accepting the prosecution's offer and going to trial." *Wofford v. Wainwright*, 748 F.2d 1505, 1508 (11th Cir. 1984).

Mr. Abonza-Torres must demonstrate that counsel's alleged error prejudiced the defense because "[a]n error by counsel, even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Strickland*, 466 U.S. at 691. To establish prejudice, a petitioner who pleaded guilty "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

Obtaining relief on a claim of ineffective assistance of counsel is difficult on federal habeas review because "[t]he standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and when the two apply in tandem, review is 'doubly' so." *Richter*, 562 U.S. at 105 (citations omitted). *See also Burt v. Titlow*, 571 U.S. 12, 15 (2013) (this doubly deferential standard of review "gives both the state court and the defense attorney the benefit of the doubt.").

**Discussion**

I.  *Mr. Abonza-Torres's Plea*

Mr. Abonza-Torres's no contest plea is subject to the same analysis as a guilty plea. *See Wallace v. Turner*, 695 F.2d 545, 548 (11th Cir. 1983) ("The fundamental constitutional consideration when a petitioner challenges his plea is whether it was voluntary. The rule is the same for pleas of guilty or *nolo contendere*."). Since a guilty plea waives non-jurisdictional defects, a petitioner who enters a plea can only challenge the knowing and voluntary nature of the plea. Entry of a plea, therefore, precludes most challenges to the conviction. *See Tollett v. Henderson*, 411 U.S. 258, 267 (1973) (holding that, after a criminal defendant enters a guilty plea, he "may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within" the range of competence for criminal attorneys); *see also United States v. Broce*, 488 U.S. 563, 569 (1989) ("[W]hen the judgment of conviction upon a guilty plea has become final and the offender seeks to reopen the proceeding, the inquiry is ordinarily confined to whether the underlying plea was both counseled and voluntary."); *Wilson v. United States*, 962 F.2d 996, 997 (11th Cir. 1992) ("A defendant who enters a plea of guilty waives all nonjurisdictional challenges to the constitutionality of the conviction, and only an attack on the voluntary and knowing nature of the plea can be sustained.").

The standard for determining the validity of a guilty plea is "whether the plea represents a voluntary and intelligent choice among the alternative courses of action open to the defendant." *North Carolina v. Alford*, 400 U.S. 25, 31 (1970). "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges

against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on federal review.'" *Stano v. Dugger*, 921 F.2d 1125, 1141 (11th Cir. 1991) (quoting *Frank v. Blackburn*, 646 F.2d 873, 882 (5th Cir. 1980)).

In evaluating the voluntariness of a guilty plea, "the representations of the defendant, his lawyer, and the prosecutor at [a plea] hearing, as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any subsequent collateral proceedings." *Blackledge v. Allison*, 431 U.S. 63, 73-74 (1977). A reviewing court applies a "strong presumption" that statements made by a defendant during his plea colloquy are true. *United States v. Medlock*, 12 F.3d 185, 187 (11th Cir. 1994). Accordingly, "when a defendant makes statements under oath at a plea colloquy, he bears a heavy burden to show his statements were false." *United States v. Rogers*, 848 F.2d 166, 168 (11th Cir. 1988).

The record demonstrates that Mr. Abonza-Torres's plea was voluntary. The change of plea hearing transcript shows that he understood what rights he gave up by pleading. Specifically, Mr. Abonza-Torres said he understood that he waived his right to a jury trial, to present evidence in his defense, to confront the State's witnesses and evidence against him, and to remain silent. (Dkt. 7, Ex. 1, pp. 138-39). Mr. Abonza-Torres understood that he was pleading open and there was no agreement as to what sentence he would receive. (*Id.*, p. 139). He also stipulated to the prosecution's factual bases for the charges. (*Id.*, pp. 140-42). Mr. Abonza-Torres stated that he had sufficient time to talk to his attorney about his decision to plead, and that his attorney reviewed the change of plea forms with him. (*Id.*, p. 139). Mr. Abonza-Torres told the court that he signed and understood the change of plea forms. (*Id.*). Those forms set out the charges Mr. Abonza-Torres

faced and the maximum sentence that could be imposed. (*Id.*, pp. 68, 116). Accordingly, Mr. Abonza-Torres's plea "represent[ed] a voluntary and intelligent choice among the alternative courses of action open to" him. *See Alford*, 400 U.S. at 31.

II. *Ground One*

Mr. Abonza-Torres argues that the trial court erred in denying his motion to suppress evidence obtained in violation of his Fourth Amendment rights. As addressed above, Mr. Abonza-Torres's voluntary plea waives any claims involving non-jurisdictional defects that occurred prior to entry of the plea. The question of whether the evidence should have been suppressed is non-jurisdictional. *See United States v. Marshall*, 453 F. App'x 911, 913 (11th Cir. 2011) ("A claim that the government illegally obtained evidence is nonjurisdictional.") (citation omitted); *United States v. Hickman*, 202 F. App'x 419, 420 (11th Cir. 2006) ("A [trial] court's refusal to suppress evidence is non-jurisdictional and is waived by a guilty plea."). Accordingly, Mr. Abonza-Torres's voluntary plea waives any challenge the denial of his motion to suppress. Mr. Abonza-Torres cannot obtain federal habeas relief on Ground One.

III. *Ground Two*

The State and Mr. Abonza-Torres engaged in plea negotiations. The State initially offered "to not seek more than 20 years" if Mr. Abonza-Torres abandoned his motion to suppress and entered an open plea. (Dkt. 7, Ex. 2, p. 172). Mr. Abonza-Torres rejected this offer. (*Id.*, pp. 173-74). According to counsel, after the motion to suppress was denied, the State presented a written offer of 25 years if Mr. Abonza-Torres waived his right to appeal the denial of the motion. (Dkt. 7, Ex. 10, p. 469). Mr. Abonza-Torres rejected this offer as well. (*Id.*, p. 470).

Mr. Abonza-Torres claims that trial counsel was ineffective for misadvising him that if he

7

entered an open plea, he would receive a sentence of less than 20 years, consistent with the State's original offer. Mr. Abonza-Torres claims that this misadvice caused his plea to be involuntary. The state court denied this claim after an evidentiary hearing:

> In claim one, Defendant alleges ineffective assistance of counsel when counsel advised Defendant that if he pled no contest in open court, he would receive less than the twenty years' prison the State offered during negotiations, thereby rendering his plea involuntary. Specifically, Defendant alleges his counsel['s] misadvice and promises effectively caused him to enter the no contest plea uninformed and involuntarily. . . .
>
> He alleges his counsel advised him the Court would sentence him to less time than the twenty years' prison offered by the State because he had no prior record. He alleges had he been properly advised, he would have proceeded to trial. . . .

(*Id.*, pp. 486-87). The court addressed the evidentiary hearing testimony and concluded:

> After reviewing the allegations, the testimony, evidence, and arguments presented at the December 9, 2014 evidentiary hearing, the court files, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant. Therefore, the Court finds [counsel] did not guarantee Defendant he could meet or beat the offer of twenty-five years' prison. The Court finds [counsel] advised Defendant that if he pled open to the Court, he could receive up to life in prison. Consequently, the Court finds Defendant failed to prove that [counsel] acted deficiently or any resulting prejudice when [counsel] did not advise Defendant that if he pled no contest in open court, he would receive less than the twenty years' prison the State offered during negotiations. **As such, the Court finds Defendant's plea was voluntarily entered and no relief is warranted upon claim one.**

(*Id.*, p. 491) (court's record citation omitted) (emphasis in original).

The state court's determination that counsel's testimony was more credible than Mr. Abonza-Torres's testimony is a finding of fact that is presumed correct, and this presumption can only be rebutted by clear and convincing evidence. *See Rolling v. Crosby*, 438 F.3d 1296, 1301 (11th Cir. 2006) ("The factual findings of the state court, including the credibility findings, are presumed to be correct unless [a petitioner] rebuts the presumption by clear and convincing evidence.") (citing

8

28 U.S.C. § 2254(e)(1)); *see also Bishop v. Warden, GDCP*, 726 F.3d 1243, 1259 (11th Cir. 2013) ("In the absence of clear and convincing evidence, [a federal court has] no power on federal habeas review to revisit the state court's credibility determinations."); *Consalvo v. Sec'y for Dep't of Corr.*, 664 F.3d 842, 845 (11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."). Mr. Abonza-Torres has not rebutted the presumption of correctness by clear and convincing evidence.

Counsel testified that he did not promise Mr. Abonza-Torres he would receive any particular sentence if he entered an open plea. Specifically, counsel testified, he never assured Mr. Abonza-Torres that he would receive a sentence less than or equal to that offered by the State. (Dkt. 7, Ex. 10, p. 472). And counsel explained to Mr. Abonza-Torres that the judge could give him any sentence up to life in prison, that the sentence would be for the judge to determine, and that no one knew what the judge would do. (*Id.*). The testimony the state court found credible refutes Mr. Abonza-Torres's claim and supports the state court's ruling. As Mr. Abonza-Torres has not shown that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim, he is not entitled to relief on Ground Two.

IV. *Ground Three*

Mr. Abonza-Torres asserts that trial counsel was ineffective in misadvising him that the denial of his motion to suppress would be reversed on appeal. He claims that this alleged misadvice rendered his plea involuntary. The state court denied this claim after an evidentiary hearing:

> In claim two, Defendant alleges ineffective assistance of counsel when counsel advised him to plead no contest because the denial of his motion to suppress would be reversed on appeal, thereby rendering his plea involuntary. Specifically, Defendant alleges his counsel['s] misadvice and promises effectively caused him to enter the no contest plea uninformed and involuntarily. . . .

9

> He alleges his counsel advised him the District Court of Appeal would vacate any judgment and sentence when it overturned this Court's denial of the dispositive suppression issue. He further alleges his counsel advised him that his co-defendants were all pleading nolo contendere and Defendant would not be able to appeal the denial of the suppression issue if he did not plead out also. He alleges had he been properly advised, he would have proceeded to trial. . . .

(*Id.*, p. 492). The state court addressed the evidentiary hearing testimony and found:

> After reviewing the allegations, the testimony, evidence, and arguments presented at the December 9, 2014 evidentiary hearing, the court files, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant. Therefore, the Court finds [counsel] did not guarantee Defendant that he would definitely win the motion to suppress and did not guarantee a reversal on appeal. Consequently, the Court finds Defendant did not prove that [counsel] acted deficiently or any resulting prejudice when [counsel] did not advise him to plead no contest because the denial of his motion to suppress would be reversed on appeal. **As such, the Court finds Defendant's plea was voluntarily entered and no relief is warranted upon claim two.**

(*Id.*, p. 495) (court's record citation omitted) (emphasis in original).

Mr. Abonza-Torres does not rebut, by clear and convincing evidence, the presumption of correctness attached to the state court's credibility finding. *See Rolling*, 438 F.3d at 1301. Counsel testified that he never told Mr. Abonza-Torres that he would prevail on appeal and that, in 26 years as a practicing attorney, he had "never guaranteed any result." (*Id.*, pp. 468, 472-73). Accordingly, counsel's testimony, which the state court accepted as credible, shows that he did not perform deficiently as alleged by Mr. Abonza-Torres. Mr. Abonza-Torres has not demonstrated that the state court's denial of his claim involved an unreasonable application of *Strickland* or was based on an unreasonable factual determination. Consequently, he is not entitled to relief on Ground Three.

V. *Ground Four*

Mr. Abonza-Torres asserts that counsel was ineffective in not advising him that he could

receive a sentence of 50 years in prison if he entered an open plea.[2] He claims that counsel's ineffective assistance caused his plea to be involuntary. The state court conducted an evidentiary hearing on this claim before denying relief:

> In claim three, Defendant alleges ineffective assistance of counsel due to counsel's failure to advise Defendant of the possibility of receiving fifty years' prison if he pled open to the mercy of the Court, thereby rendering his plea involuntary. . . .
>
> He alleges his counsel advised him the Court would sentence him to less time than the twenty years' prison offered by the State because he had no prior record. He alleges his counsel, the State, and the trial judge did not advise him that the Court could sentence him up to life in prison. He alleges had he been properly advised, he would have proceeded to trial. . . .
>
> After reviewing the State's response [to Mr. Abonza-Torres's postconviction motion], the Court found Defendant did not receive fifty years' prison in either case, but received a sentence of forty years' prison with a ten (10) year mandatory minimum followed by ten years' probation. However, the Court found although prior to the motion to suppress hearing, the State, in Defendant's presence, placed on the record that Defendant was facing a maximum penalty of life in prison, the Court found such did not conclusively refute Defendant's claim that [counsel's] misadvice and promises . . . caused him to enter the no contest plea uninformed and involuntarily. Therefore, the Court granted an evidentiary hearing on this claim.

(*Id.*, pp. 495-96) (court's record citation omitted).

The state court reviewed the evidentiary hearing testimony before finding:

> After reviewing the allegations, the testimony, evidence, and arguments presented at the December 9, 2014 evidentiary hearing, the court files, and the record, the Court finds [counsel's] testimony to be more credible than that of Defendant. Therefore, the Court finds [counsel], on numerous occasions, advised Defendant of the possibility of spending the rest of his life in prison as he was facing life in prison as a maximum penalty. The Court further finds Defendant was aware that he was looking at prison time in excess of fifty years and up to life. Consequently, the Court finds Defendant failed to prove [counsel] acted deficiently or any resulting prejudice when [counsel] advised Defendant of the possibility of receiving life in prison if he pled open to the mercy of the Court. **As such, the Court finds Defendant's plea**

---

[2] Mr. Abonza-Torres's reference to a 50-year sentence appears to reflect his composite sentence of 40 years in prison followed by 10 years on probation.

**was voluntarily entered and no relief is warranted upon claim three.**

(*Id.*, p. 497) (court's record citation omitted) (emphasis in original).

Mr. Abonza-Torres has not presented clear and convincing evidence to rebut the presumption of correctness afforded to the state court's credibility finding. *See Rolling*, 438 F.3d at 1301. Counsel testified that he told Mr. Abonza-Torres that by entering an open plea, he could receive a lengthy sentence of up to life in prison. (*Id.*, p. 472-74). Counsel "assure[d]" the court that Mr. Abonza-Torres "was well aware that he was looking at a heck of a lot of prison time, in excess of 50 years . . . and upwards to life." (*Id.*, pp. 473-74). Counsel's testimony, accepted as credible by the state court, shows that counsel did not misadvise Mr. Abonza-Torres about the sentence he could receive. Accordingly, Mr. Abonza-Torres fails to show that counsel performed deficiently on the basis alleged. Mr. Abonza-Torres has not demonstrated that the state court unreasonably applied *Strickland* or unreasonably determined the facts in denying his claim. Consequently, he is not entitled to relief on Ground Four.

VI. *Ground Five*

Mr. Abonza-Torres claims that the trial court erred when it failed to advise him of the maximum penalty he faced, and that this omission resulted in an involuntary plea. The state court summarily denied this claim:

> In claim four, Defendant alleges the trial judge failed to advise Defendant of the maximum penalty he faced, thereby rendering his plea involuntary. Specifically, Defendant alleges his counsel, the State, and the trial judge failed to advise him that the Court could sentence him up to life in prison. He alleges at the time of entering the plea, the trial judge failed to apprise him of the maximum penalty that could be imposed. He alleges the trial judge failed to make all inquiries and determine whether any promises were made, thereby rendering his nolo contendere plea unknowing and involuntary. He alleges had the trial judge made the appropriate inquiries and advisements, he would have been aware of counsel's misadvice, false

> promises, and deficiencies, and the Court would have been obligated to disabuse Defendant of the false promises made by his counsel. He alleges had he been properly advised, he would have proceeded to trial. After reviewing the allegations, the court file, and the record, the Court finds Defendant's allegations are facially sufficient.
>
> In its response, the State, relying on *State v. Wilson*, 395 So. 2d 520 (Fla. 1981), asserts in light of the State's arguments in claim three, Defendant was advised of the maximum penalty he faced. In his reply, Defendant asserts the Court never made sure Defendant understood that he faced life and the plea and sentencing hearing.
>
> After reviewing the allegations, the State's response, the Defendant's reply, the court files, and the record, the Court finds rule 3.172(j), states "[f]ailure to follow any of the procedures in this rule shall not render a plea void absent a showing of prejudice." Fla. R. Crim. P. 3.172(j) (2012). "The burden is on the defendant to provide clear proof of such prejudice." *Mickens v. State*, 562 So. 2d 856, 857 (Fla. 1st DCA 1990). The Court finds Defendant cannot demonstrate prejudice as the State advised Defendant that he was facing a maximum of life in prison, with a ten year mandatory minimum. **Therefore, the Court finds no relief is warranted upon claim four.**

(Dkt. 7, Ex. 8, pp. 169-70) (court's record citations omitted) (emphasis in original).

Mr. Abonza-Torres fails to show entitlement to relief. Initially, to the extent that Mr. Abonza-Torres's claim involves the application of Florida Rule of Criminal Procedure 3.172, it is not cognizable on federal habeas review. *See McCullough v. Singletary*, 967 F.2d 530, 535-36 (11th Cir. 1992) ("A state's interpretation of its own laws or rules provides no basis for federal habeas corpus relief, since no question of a constitutional nature is involved."); *Branan v. Booth*, 861 F.2d 1507, 1508 (11th Cir. 1988) ("[A] habeas petition grounded on issues of state law provides no basis for habeas relief.").

To the extent Mr. Abonza-Torres's claim, liberally construed, alleges a federal due process violation, he fails to show entitlement to federal habeas relief. As the state court's order indicates, Mr. Abonza-Torres knew that he faced life imprisonment before he entered his plea. The prosecutor

clearly stated on the record, in Mr. Abonza-Torres's presence, that his charges were punishable by life in prison. (Dkt. 7, Ex. 2, pp. 171-72). Additionally, as addressed, Mr. Abonza-Torres told the court that he had read the change of plea forms in both cases before entering his pleas, and that he understood those forms. (Dkt. 7, Ex. 1, p. 139). The forms stated that Mr. Abonza-Torres faced a maximum sentence of life. (*Id.*, pp. 68, 116).

Mr. Abonza-Torres has not demonstrated that the state court's failure to repeat the maximum potential sentence at his change of plea hearing caused him to be unaware of the sentence he faced or the consequences of pleading guilty. Accordingly, he does not demonstrate that his plea was involuntary. Mr. Abonza-Torres has not shown that the state court's denial of his claim was contrary to or an unreasonable application of clearly established federal law or based on an unreasonable determination of fact. He is not entitled to relief on Ground Five.

VII. *Ground Six*

Mr. Abonza-Torres alleges that counsel was ineffective for "[leading] Petitioner to believe he had no viable defense when, in fact, one existed." (Dkt. 10, p. 3). Specifically, Mr. Abonza-Torres alleges, counsel could have moved to dismiss the armed burglary charges based on errors in the charging documents. The Court liberally interprets this claim as arguing that counsel's alleged ineffective assistance affected the voluntary nature of Mr. Abonza-Torres's plea.

Mr. Abonza-Torres acknowledges that he did not present this claim in state court. Accordingly, he has failed to comply with the requirement that a federal habeas petitioner exhaust his federal claims in state court before raising them in his petition. *See* 28 U.S.C. § 2254(b)(1)(A); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999) ("[T]he state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas

petition.").

Mr. Abonza-Torres cannot return to state court to present this claim in an untimely postconviction motion. *See* Fla. R. Crim. P. 3.850(b) (providing that a postconviction motion must be filed within two years of the date the judgment and sentence become final). Therefore, this claim is procedurally defaulted. *See Smith v. Jones*, 256 F.3d 1135, 1138 (11th Cir. 2001) ("If the petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default[.]"). The defaulted claim can only be considered if Mr. Abonza-Torres demonstrates the applicability of either the cause and prejudice or fundamental miscarriage of justice exception. *See id.* (stating that a procedural default "will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established."). Mr. Abonza-Torres does not argue that the fundamental miscarriage of justice exception applies.

However, Mr. Abonza-Torres claims that he has established cause to excuse the default under *Martinez v. Ryan*, 566 U.S. 1 (2012). In recognizing a narrow exception to the rule that an attorney's errors in a postconviction proceeding do not constitute cause for a procedural default, *Martinez* holds:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17.

To establish cause under *Martinez*, Mr. Abonza-Torres must demonstrate that the defaulted ineffective assistance of trial counsel claim "is a substantial one, which is to say that [he] must demonstrate that the claim has some merit." *Id.* at 14. A claim that does not have any merit or that

15

is wholly without factual support is not substantial. *See id.* at 15-16; *see also Allen v. Sec'y, Dep't of Corr.*, 767 F. App'x 786, 790 (11th Cir. 2019) ("[T]o show that an underlying claim is substantial, the petitioner must show that reasonable jurists would debate its merits." (citing *Hittson v. GDCP Warden*, 759 F.3d 1210, 1269-70 (11th Cir. 2014))).

Mr. Abonza-Torres has not established that his claim is substantial. The charging documents allege that on August 17, 2011, and on September 4, 2011, Mr. Abonza-Torres "did unlawfully enter *or remain in* a certain dwelling . . . with intent to commit an offense therein[.]" (Dkt. 7, Ex. 1, pp. 11, 108) (emphasis added).

Florida's burglary statute provides that:

(1)(a) For offenses committed *on or before July 1, 2001*, "burglary" means entering *or remaining in* a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter or remain.

(b) For offenses committed after July 1, 2001, "burglary" means:

1. Entering a dwelling, a structure, or a conveyance with the intent to commit an offense therein, unless the premises are at the time open to the public or the defendant is licensed or invited to enter; or

2. Notwithstanding a licensed or invited entry, remaining in a dwelling, structure, or conveyance:

a. Surreptitiously, with the intent to commit an offense therein;

b. After permission to remain therein has been withdrawn, with the intent to commit an offense therein; or

c. To commit or attempt to commit a forcible felony[.]

§ 810.02(1), Fla. Stat. (emphasis added).

Mr. Abonza-Torres claims that "[i]n effect, [he] was improperly charged with old language

16

from the previous definition of burglary" that applies to offenses on or before July 1, 2001, and that this error "could have been easily eliminated through a motion to dismiss." (Dkt. 10, p. 4). Mr. Abonza-Torres has not demonstrated a substantial claim of ineffective assistance for failing to move to dismiss the charging documents on this basis.

First, Mr. Abonza-Torres has not shown that counsel performed deficiently in not moving to dismiss. "The purpose of an information is to inform the accused of the charge(s) against him, so that the accused will have an opportunity to prepare a defense." *Robinson v. State*, 215 So.3d 1262, 1271 (Fla. 1st DCA 2017). Accordingly, under Florida law, a defect in the charging document will not result in dismissal unless the charging document "is so vague, indistinct, and indefinite as to mislead the accused and embarrass him or her in the preparation of a defense or expose the accused after conviction or acquittal to substantial danger of a new prosecution for the same offense." Fla. R. Crim. P. 3.140(o). Mr. Abonza-Torres has not demonstrated that any error in the charging documents prevented him from preparing a defense or could have resulted in his later being charged again for the same offenses. Therefore, he fails to show that the charging documents were subject to dismissal under Rule 3.140(o).

Further, the State would have been permitted to amend the charging document. *See* Fla. R. Crim. P. 3.140(j) (permitting amendments to the charging document "at any time prior to trial because of formal defects."). Accordingly, even if counsel had moved to dismiss the charging documents because of the defects, Mr. Abonza-Torres still would have faced amended counts of armed burglary. Mr. Abonza-Torres has not demonstrated prejudice as a result of counsel's conduct because he has not alleged or demonstrated a reasonable probability that he would not have pleaded to amended charges and instead would have insisted on proceeding to trial. *See Hill*, 474 U.S. at 59.

Because Mr. Abonza-Torres has not shown that his defaulted claim of ineffective assistance of trial counsel is "substantial" under *Martinez*, he does not show that the cause and prejudice exception applies. As Mr. Abonza-Torres has not demonstrated that this Court should excuse the default of his claim, Ground Six is barred from federal habeas review.

VIII. *Evidentiary Hearing*

In his reply, Mr. Abonza-Torres requests an evidentiary hearing regarding the claims he raised in his postconviction proceedings. (Dkt. 16, pp. 2-3). The Court finds that an evidentiary hearing is not warranted. *See Landers v. Warden, Att'y Gen. of Ala.*, 776 F.3d 1288, 1295 (11th Cir. 2015) ("[B]efore a habeas petitioner may be entitled to a federal evidentiary hearing on a claim that has been adjudicated by the state court, he must demonstrate a clearly established federal-law error or an unreasonable determination of fact on the part of the state court, based solely on the state court record."); *Atwater v. Crosby*, 451 F.3d 799, 812 (11th Cir. 2006) (stating that an evidentiary hearing was not required unless the petitioner could demonstrate "that his factual allegations, if proven, would indicate that the state courts acted contrary to, or unreasonably applied, clearly established federal law when they rejected" his claim).

Accordingly, it is **ORDERED** that:

1. Respondent Secretary, Department of Corrections's motion to dismiss the Florida Attorney General as a respondent is **GRANTED**. The Clerk is directed to dismiss the Florida Attorney General as a respondent from this action.

2. The petition for writ of habeas corpus (Dkt. 1) is **DENIED**. The Clerk shall enter judgment accordingly and is directed to close this case.

3. Mr. Abonza-Torres is not entitled to a certificate of appealability. A prisoner seeking a

writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). A certificate of appealability must first issue. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, Mr. Abonza-Torres "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quotation omitted), or that "the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (internal quotation and citation omitted). Mr. Abonza-Torres has not made this showing. Because Mr. Abonza-Torres is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE AND ORDERED** at Tampa, Florida, on August 15, 2019.

WILLIAM F. JUNG
United States District Judge

Copies furnished to:
Moises Abonza-Torres
Counsel of Record